## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

GLADYS LOUISE J.,[1]                              )
                                                 )
                    Plaintiff,                   )
                                                 )        CIVIL ACTION
v.                                               )
                                                 )        No. 20-1030-JWL
ANDREW M. SAUL,                                  )
Commissioner of Social Security,                 )
                                                 )
                    Defendant.                   )
_____          )

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits pursuant to sections 216(i), 223, 1602, and 1614 of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c (hereinafter the Act).  Finding error in the Administrative Law Judge's (ALJ) explanation of her consideration of obesity, the court ORDERS that the Commissioner's final decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

### I.    Background

_____

[1] The court makes all its "Memorandum and Order[s]" available online.  Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

Plaintiff protectively filed applications for DIB and SSI benefits on October 19, 2016.  (R. 10).  After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Plaintiff claims the ALJ erred in considering the opinions of a state agency psychologist, Dr. Marziano, and of the Advanced Practice Registered Nurse (APRN) who treated her, Mr. Hobson; and that the residual functional capacity (RFC) assessed is not consistent with the hypothetical presented to the vocational expert (VE).

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to the weight, not the amount, of the evidence.  It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it."  I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

2

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the

Commissioner assesses claimant's RFC.  20 C.F.R. §§ 404.1520(e), 416.920(e).  This

assessment is used at both step four and step five of the sequential evaluation process.  Id.

     The Commissioner next evaluates steps four and five of the process—determining

at step four whether, considering the RFC assessed, claimant can perform her past

relevant work; and at step five whether, when also considering the vocational factors of

age, education, and work experience, she is able to perform other work in the economy.

Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the

burden is on Plaintiff to prove a disability that prevents performance of past relevant

work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter,

245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the

burden shifts to the Commissioner to show that there are jobs in the economy which are

within the RFC previously assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th

Cir. 1999).

     Remand is necessary because the ALJ failed to apply the correct legal standard in

evaluating obesity.  The court may not provide an advisory opinion regarding Plaintiff's

remaining arguments, and they may be presented to the Commissioner on remand.

**I.     Discussion**

     Plaintiff argues the ALJ erred in evaluating Mr. Hobson's opinion.  She argues the

ALJ's reason for discounting Mr. Hobson's opinion misrepresents the record evidence

which shows more than mild edema and the ALJ did not address any regulatory factors

beyond consistency when discounting it.  (Pl. Br. 12-14).  She argues she is obese, with a

body mass index (BMI) over 50, and the fact a lumbar x-ray in 2015 showed only mild

4

stenosis is insufficient alone to discount limitations from back pain because the SSA classifies Plaintiff's obesity as Level III, or extreme, which presents the greatest risk of obesity-related limitations.  (Pl. Br. 15) (citing Soc. Sec. Ruling (SSR) 02-1p, 2002 WL 34686281, at *2 (SSA September 12, 2002)).  She points out the only time obesity was mentioned in the decision here was at step two when the ALJ noted it was one of her severe impairments, and the ALJ never explained, as required by SSR 02-1p, how she reached the conclusion that obesity did not cause or exacerbate Plaintiff's functional limitations opined by Mr. Hobson.  The Commissioner addressed the ALJ's evaluation of Mr. Hobson's opinion and argued "the ALJ's stated reasons for giving this opinion only some weight were more than sufficient."  (Comm'r Br. 8).  However, the Commissioner's brief does not address the ALJ's evaluation of Plaintiff's obesity.

As Plaintiff's Brief suggests, SSR 02-1p provides guidance to adjudicators on the evaluation of obesity since it is no longer an impairment in the Listing of Impairments. The Ruling recognizes three levels of obesity as presented in the National Institutes of Health's Clinical Guidelines on the Identification, Evaluation, and Treatment of Overweight and Obesity in Adults.  2002 WL 34686281, at *2.  Level I includes individuals with a BMI of 30.0-34.9, and Level II includes those with a BMI of 35.0-39.9. Id.  The Ruling recognizes Level III as extreme obesity which represents "the greatest risk for developing obesity-related impairments, [and] includes BMIs greater than or equal to 40."  Id.  As relevant in this case, the Ruling provides that the SSA will consider obesity when determining whether a claimant has a medically determinable impairment, when determining whether she has a severe impairment(s), when

determining whether severity of the claimant's impairment(s) meets or equals the severity

of a Listed impairment, and when determining whether the claimant's impairment(s)

prevent her from doing past relevant work or other work in the economy.  2002 WL

34686281, at *3.  The ruling explains how the SSA evaluates obesity when assessing

RFC, id. at *6, and notes, "As with any other impairment, we will explain how we

reached our conclusions on whether obesity caused any physical or mental limitations."

Id. at 7.

      As Plaintiff suggests in her brief, the decision at issue here includes obesity as one

of Plaintiff's severe impairments in finding number 3 at step two of the ALJ's decision.

(R. 12).  But there is no discussion of obesity anywhere in the decision, even within the

step two analysis, within the summary of the medical evidence, or in assessing RFC.

There can be no doubt this constitutes a failure of the ALJ to explain how she reached her

conclusion whether obesity caused any functional limitations even in combination with

Plaintiff's other impairments.

      Plaintiff cited an earlier case in which this court found no error in the

Commissioner's consideration, evaluation, and discussion of obesity, and argued that the

facts of this case require a different result.  (Pl. Br. 15) (citing Hokanson v. Astrue,

CIV.A. 10-1403-JWL, 2011 WL 5506284, at *6 (D. Kan. Nov. 9, 2011)).  The court

finds Hokanson instructive and agrees that it is by negative implication illustrative of the

error in this case.

      In Hokanson, the plaintiff claimed the ALJ did not properly consider the effects of

obesity because the ALJ based his functional limitations on the opinion of the state

agency physicians, but the state agency physicians did not identify obesity as one of the plaintiff's impairments and did not mention obesity in their RFC assessment. 2011 WL 5506284, at *3. The court found no error, however, because the plaintiff did not demonstrate that the state agency physicians did not identify obesity as an impairment, and because the ALJ identified obesity at step two of the sequential evaluation process, stated he considered obesity at step three, and explained his RFC assessment was supported by the evidence including the plaintiff's obesity. Id. at *4-6. The court also noted "a lower level of obesity requires less explanation of how it was addressed in the ALJ's analysis" and that the plaintiff's level of obesity was low. Id. at *5-6.

Here, on the other hand the ALJ said nothing about Plaintiff's obesity beyond noting it was one of her severe impairments. Moreover, Plaintiff's obesity was recorded in the medical records with a BMI in excess of 50 repeatedly. (R. 369, 373, 376, 518, 521, 524, 527, 530, 592, 639, 642, 646, 652, 655, 659). Although the ALJ did not ask Plaintiff her height and weight at the hearing, throughout the medical records it is recorded that she is 61", 5' 1", tall and weighs in excess of 270 pounds. Id. While it may be that Plaintiff's obesity does not require greater functional limitations, in light of the requirements of SSR 02-1p and Plaintiff's height and weight, the court is unable to find harmless error in the failure to explain how obesity affected the ALJ's consideration.

Remand is necessary.

**IT IS THEREFORE ORDERED** that the Commissioner's final decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

7

Dated October 28, 2020, at Kansas City, Kansas.

s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**